IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | |
|---|---|
| THE ESTATE OF MARY ELLEN CRANMER NICE,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 2:18-cv-07362-JTM-DMD |

## **UNITED STATES' MOTION FOR PARTIAL SUMMARY JUDGMENT**

Defendant, the United States of America, pursuant to Federal Rule of Civil Procedure 56, moves for partial summary judgment on the doctrine of constructive receipt applied by Plaintiff in its Complaint. ECF No. 1. The Court should grant the United States' motion for summary judgment and determine that the doctrine of constructive receipt does not apply in this action.

Filed with this Motion, in accordance with Local Rule 56.1, is a statement of undisputed material facts and the Declaration of Elizabeth N. Duncan with Exhibits, from which the facts set forth below are taken.

### **INTRODUCTION**

Plaintiff, the Estate of Mary Ellen Cranmer Nice[1], filed this action against the United States for a refund of $519,502.00 in federal income taxes, plus interest and penalties, for tax years 2006, 2007, and 2009 through 2013. The taxpayer, Mary Ellen Cranmer Nice, filed

---

[1] Mrs. Nice passed away on March 21, 2019. Following her death, Plaintiff substituted the Estate of Mary Ellen Cranmer Nice for Mary Ellen Cranmer Nice as the party plaintiff. ECF Nos. 15, 16.

individual federal income tax returns (Forms 1040) for the tax years at issue and reported items of income received by her for each tax year. Plaintiff alleges, however, that Mrs. Nice never constructively received the income reported on her Forms 1040, because her son, Charles M. Nice III ("Chip Nice") allegedly diverted the income from his mother's bank account prior to her receipt and, thus, Mrs. Nice should not have been subject to tax on the items of income. However, Plaintiff's reliance on the doctrine of constructive receipt is misplaced, as the doctrine is used to determine *when* an item of income is received, not *whether* it was received. Further, it undisputed that the items of income were distributed into Mrs. Nice's personal bank account. Thus, the doctrine of constructive receipt is inapplicable in this case.

## ARGUMENT

I. <u>Standard of Review</u>

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Rogers v. Bromac Title Services, LLC*, 755 F.3d 347, 350 (5th Cir. 2014) (quoting FED. R. CIV. P. 56(a)); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A genuine dispute as to a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Rogers*, 755 F.3d at 350 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). Because the record, taken as a whole, cannot lead a rational trier of fact to find for Plaintiff, there is no genuine issue for trial, and summary judgment is proper. *Matsuhita Elec. Indus. Co. v. Zenith Radio Co.*, 475 U.S. 574, 587 (1986). "[T]his court construes 'all facts and inferences in the light move favorable to the nonmoving party.'" *McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012) (quoting *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010)). But "[s]ummary

judgment may not be thwarted by conclusions allegations, unsupported assertions, or presentation of only a scintilla of evidence." *Id.*

      II.      <u>Plaintiff's Application of the Doctrine of Constructive Receipt is Erroneous</u>

Plaintiff alleges that because the taxpayer's son, Chip, allegedly diverted income from his mother for his personal benefit, Mrs. Nice did not receive the items of income distributed into her checking account. This is a perversion of the doctrine of constructive receipt.

Section 451 of the Internal Revenue Code (26 U.S.C.) dictates when an item of income should be included in gross income for a taxable year. Under this section, a taxpayer must include in their gross income for a taxable year "the amount of any item of gross income … *received by the taxpayer*." *See* 26 U.S.C. § 451(a) (emphasis added). The Code requires taxpayers, who use the cash receipts and disbursements method of accounting, to report income in the tax year that they actually or constructively receive it. Treas. Reg. § 1.451-1(a). Income is actually received if it is "actually reduced to a taxpayer's possession . . . ." *Id.* § 1.451-2(a). The doctrine of constructive receipt treats, as taxable, income the taxpayer can draw upon, or which is available to the taxpayer, whether they use it or not. In other words, "income which is unqualifiedly subject to the demand of a taxpayer on the cash receipts and disbursements method of accounting, whether or not such income has actually been received in cash" is income constructively received. *See Ross v. C.I.R.*, 169 F.2d 483, 490 (1st Cir. 1948); *see also United States v. Roush*, 466 F.3d 380, 385 (5th Cir. 2006); *United States v. Hancock Bank*, 400 F.2d 975, 979 (5th Cir. 1968); *see also* 2 Mertens, Law of Fed. Income Tax'n, Sec. 10:1 (2019).

Plaintiff fails to recognize that the doctrine of constructive receipt is used to determine when an item of income should be included in gross income for a taxable year, not whether an item of income should be included. *See Tandy Corp. v. United* States, 626 F.2d 1186, 1195 (5th

Cir. 1980) (finding that the doctrine of constructive receipt "pertains not to the allowance of deductions, but rather to the timing of the inclusion in gross income of items over which the taxpayer has unfettered command."). The purpose of the constructive receipt doctrine is to prevent the avoidance and possible evasion of tax by taxpayers refusing to accept income that was actually available to them. *See* 2 Mertens, Law of Fed. Income Tax'n, Sec. 10:1 (2019). "The concept of constructive receipt is designed to prevent taxpayers who can control the timing of the receipt of income from shifting the year of receipt so as to avoid or reduce the tax to which they would normally be subject." *Hartman v. United States*, 99 Fed. Cl. 168, 183 (Fed. Cir. 2011) (quoting *Patton v. United States*, 726 F.2d 1574, 1577 (Fed. Cir. 1984)); *see also Ross*, 169 F.2d at 491 ("The doctrine of constructive receipt was, no doubt, conceived by the Treasury in order to prevent a taxpayer from choosing the year in which to return income merely by choosing the year in which to reduce it to possession.").[2]

    Plaintiff's use of the constructive receipt doctrine in this case is misplaced for several reasons. First, Mrs. Nice actually received the items of income when the disbursements were deposited into her bank account.[3] Thus, the constructive receipt doctrine is inapplicable. Second, Plaintiff's use of the doctrine in this case is a mischaracterization of the doctrine's true purpose. Plaintiff's sole reasoning as to why the doctrine applies is the naked allegation that Chip Nice diverted income from his mother for his personal use and benefit and so Mrs. Nice did not receive the income. Plaintiff twists the constructive receipt doctrine to fit the needs of its

---

[2] Courts, including those in the Fifth Circuit, have cautioned that the doctrine of realization of income by constructive receipt is to be "sparingly applied." *See D.D. Oil Co. V. C.I.R.*, 147 F.2d 936, 938 (5th Cir. 1945); *W.C. Leonard & Co. v. United States*, 324 F.Supp. 422, 428 (N.D. Miss. 1971).

[3] *See* Pl.'s Response to RFA Nos. 50-54.

claim for refund.  The constructive receipt doctrine is used to determine *when* an item of income is received, not *whether* it was received.  It applies to ensure taxpayers do not manipulate the timing of their receipt of income, not to allow manipulation.

## CONCLUSION

Based on the undisputed material facts, Plaintiff's use of the constructive receipt doctrine is inapplicable in this case.  The constructive receipt doctrine's purpose is to determine when an item should be included as gross income for taxable period.  The Court should grant the United States' motion for summary and determine that the doctrine of constructive receipt does not apply in this case.

Dated: August 13, 2019

Respectfully submitted,

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General


*/s/ Elizabeth N. Duncan*
ELIZABETH N. DUNCAN
Virginia Bar No. 90685
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 14198
Washington, D.C. 20044
(202) 514-6546 (v)
(202) 514-4963 (f)
Elizabeth.N.Duncan@usdoj.gov

Of counsel:

PETER G. STRASSER
United States Attorney
Eastern District of Louisiana

**CERTIFICATE OF SERVICE**

     I hereby certify that on this 13th day of August 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF, which send notification to the following counsel of record:

    Michael A. Mayhall
    The Mayhall Law Firm
    724 E. Boston Street
    Covington, Louisiana 70433
    (985) 246-1700
    mike@mayhalltaxlaw.com

    Herbert V. Larson, Jr.
    The Law Offices of Herbert V. Larson, Jr.
    700 Camp Street
    New Orleans, Louisiana 70130
    (504) 528-9500
    hvl@hvllaw.com

                        */s/ Elizabeth N. Duncan*
                        ELIZABETH N. DUNCAN
                        Trial Attorney, Tax Division
                        United States Department of Justice